IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Derrick O. Martin,   Case No. 3:07CV3655

    Plaintiff

v.   ORDER

Dana Corporation, et al.,

    Defendants

    This is an employment discrimination case in which plaintiff Derrick O. Martin claims that defendant Dana Corporation [Dana] discriminated against him on the basis of his race and then retaliated against him when he complained about the alleged discrimination. Pending is defendants' motion for summary judgment. [Doc. 50]. For the reasons that follow, the motion shall be granted.

**Background**

    Plaintiff worked for a Dana division from 1996 to 2002, when he was laid off. Dana rehired him in 2007 to work at a plant in Lima, Ohio. Dana's collective bargaining agreement with UAW gives rehiring preference to laid off workers. The collective bargaining agreement also limits the probationary period for such employees to thirty days, rather than the sixty day period for new hires.

    Early during his time at the Lima plant, management made two errors in its treatment of plaintiff. First, the personnel office sent evaluation forms after the thirty day probationary period,

as it would have if plaintiff had been a new hire. The one form that was sent and returned before management became aware of the mistake gave plaintiff a satisfactory evaluation. When the mistake came to light, it was taken from his file and discarded. At least one non-minority employee had the same experience.

Second, management shifted plaintiff from his "home" department to another department. It returned plaintiff to his home department after it had placed other employees, whom plaintiff should have preceded back into that department, into the department. Again, non-minority employees had the same experience.

Plaintiff complained to management that he was subjected to a hostile work environment. He based his complaint on the fact that he had, as noted above, been subjected to an evaluation after the thirty day probationary period, and that his supervisors had stated he had too much downtime. After discussion involving a union representative and HR official, plaintiff said he was not subjected to a hostile work environment.

Dana posts daily production reports. In one instance, someone circled plaintiff's name in red on one of those reports. When plaintiff complained, management took the vandalized report down immediately and replaced it with a clean report. It also placed a notice that defacing of reports would result in discipline.

The identity of the person who defaced the report remains unknown.

Plaintiff requested a moving allowance. Dana determined that he did not qualify for such allowance, which is conditioned on relocation of an employee and his family from another community. Later, after plaintiff appeared to qualify for the allowance, Dana paid it.

Plaintiff complained about a verbal warning he received following a production error – which he did not dispute. After plaintiff complained, management withdrew its written warning from plaintiff's record.

Plaintiff instituted grievances about his pay. Each grievance was without merit, however, as plaintiff's pay was computed in accordance with the collective bargaining agreement.

## Discussion

### I. Plaintiff's Race Discrimination Claim

Because plaintiff has no direct evidence of race discrimination, the *McDonnell Douglas* burden shifting requirements apply. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *see also Taylor v. United Parcel Serv., Inc.*, 237 F. App'x 34, 36 (6th Cir. 2007) (unpublished disposition) ("Because [the plaintiff] bases his claims on circumstantial (rather than direct) evidence, we apply the *McDonnell Douglas* burden-shifting requirements.").

To prove a prima facie case of employment discrimination, plaintiff must show that: 1) he is a member of a protected class; 2) he was subject to adverse employment action; 3) he was qualified for the particular position; and 4) similarly situated employees of other races received more favorable treatment. *Clayton v. Meijer, Inc.*, 281 F.3d 605, 611 (6th Cir. 2002); *see also Taylor*, *supra*, 237 F. App'x at 36.

Plaintiff fails to prove a prima facie case, so no burden shifting occurs. He, in particular, has problems with the second and fourth elements.

As to each of the foregoing incidents and resulting complaints, plaintiff has not shown that Dana treated him differently from similarly situated non-minority employees. This failure alone defeats plaintiff's employment discrimination claims, especially in light of how specific plaintiff's

3

showing must be. *See Quinn-Hunt v. Bennett Enterp., Inc.*, 211 F. App'x 452, 456 (6th Cir. 2006) ("[T]he individuals must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992))).

None of these incidents, moreover, constitutes the kind of adverse employment action which gives rise to a claim of employment discrimination. To satisfy the second element above, a plaintiff must show that the events giving rise to his complaint are "more disruptive than a mere inconvenience or an alteration of job responsibilities; *de minimus* changes are not actionable." *Hollins v. Atlantic Co., Inc.*, 188 F.3d 652, 662 (6th Cir. 1999). The above incidents do not rise to the level required to make this showing. *See EEOC v. Sundance Rehab. Corp.*, 466 F.3d 490, 501-02 (6th Cir. 2006) (detailing firing, failure to promote, reassignment with significantly lower responsibilities, a material loss of benefits, suspensions and other similar actions as rising to the requisite level).

In time, however, plaintiff did suffer a materially adverse change in his employment: Dana fired him. It defends its action on a provision in the collective bargaining agreement that allows termination of an employee who is absent for seven consecutive days without obtaining approved leave. Failure to comply with the requirement of approved leave, however, can be excused for "good and sufficient reasons."

Plaintiff was absent for seven days. He did not, at least in Dana's view, obtain an approved leave for his absence. He claims that he called at least twice and that Dana's computerized record-

keeping is not reliable. He also challenges Dana's failure to ask him to explain his absence or show an absence of good and sufficient reasons.

To the extent that plaintiff challenges Dana's interpretation and application of the terms of the collective bargaining agreement, he has no standing to do so. If Dana misinterpreted the applicable provision, it is up to the union to assert such violation *via* the grievance procedure. *See, e.g.*, *Bacashihua v. U.S. Postal Service*, 859 F.2d 402, 405-06 (6th Cir. 1988).

Thus, any complaint of plaintiff's that he should have been asked to provide a good and sufficient reason for his absence is off the mark.

In any event, plaintiff has failed to show that a non-minority employee was absent seven days, failed to comply with the provision, and retained his or her job. Indeed, Dana has presented evidence that a non-minority employee committed the same violation at about the same time as plaintiff and the company treated him the same – it fired him too. Nor does plaintiff show that Dana excused non-compliance for similarly situated employees.

## II. Plaintiff's Retaliation Claim

There is no merit to plaintiff's retaliation claim.

To prove a prima facie case of retaliation, plaintiff must show that: 1) he engaged in protected activity; 2) Dana knew he engaged in such protected activity; 3) Dana subsequently took materially adverse, retaliatory action against plaintiff; and 4) a causal connection existed between the protected activity and the materially adverse employment action. *Lindsay v. Yates*, 578 F.3d 407, 418 n.10 (6th Cir. 2009).

Plaintiff claims that filing a charge with the EEOC caused Dana to write him up for frequency checks and also to terminate him eventually. As Dana points out, it wrote plaintiff up *before* he filed his EEOC charge, so plaintiff's claim must fail in that regard.

Plaintiff's claim also fails regarding his termination. As explained above, Dana presented evidence that it fired another employee, who was Caucasian, for the reason for which it alleges it fired plaintiff. Plaintiff has not responded adequately to this argument to establish a causal connection between his protected activity and termination.

Plaintiff has failed to prove a prima facie case of retaliation.

### III. Plaintiff's Hostile Work Environment Claim

There is no merit to plaintiff's hostile work environment claim.

To prove a prima facie case of hostile work environment, plaintiff must show that: 1) he was a member of a protected class; 2) he endured unwelcome racial harassment; 3) the harassment was based on his protected status; 4) the harassment unreasonably interfered with his work performance by creating an intimidating and hostile environment; and 5) Dana knew or should have known about the harassment but failed to take reasonable care to prevent or correct it. *Russell v. Univ. of Toledo*, 537 F.3d 596, 608 (6th Cir. 2008). A hostile work environment occurs "when the work place is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently sever or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 463 (6th Cir. 2000).

Here, plaintiff has failed to show adequately severe or pervasive harassment, or that any action taken against him was because of his race.

6

Defendants are thus entitled to summary judgment on all of plaintiff's claims.[1]

**Conclusion**

It is, therefore,

ORDERED THAT defendants' motion for summary judgment [Doc. 50] be, and the same hereby is, granted.

So ordered.

                                              s/James G. Carr
                                              James G. Carr
                                              Chief Judge

---

[1] Though defendants have not sought sanctions for the maintenance of this lawsuit — and I would be disinclined to grant such sanctions at this stage — defendants retain the right to seek sanctions in the event of an unsuccessful appeal of this decision.